**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10685 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00236-GMN-PAL-1 |
| v. | |
| LLOYD H. GARDLEY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted November 12, 2014[**]

Before:     HUG, FARRIS, and CANBY, Circuit Judges.

Lloyd H. Gardley appeals from the district court's judgment and challenges

the 135-month sentence imposed following his guilty-plea convictions for bank

fraud and two counts of mail fraud, in violation of 18 U.S.C. § 1341, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

conspiracy to commit bank fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. § 1349. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gardley contends that the district court procedurally erred at sentencing by not explicitly addressing his argument that he should receive only a 30-month sentence because he had health problems resulting in a short life expectancy. Because Gardley did not object on these grounds below, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010); *United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). The record shows that the district court was aware of Gardley's arguments and the relevant evidence, that the court noted that it had reviewed the parties' submissions and had heard the statements by counsel and the defendant, and that the court provided numerous reasons for the sentence, which was at the bottom of the Guidelines range. Thus, Gardley has not shown that the district court committed an error that was plain and has not shown that there is a reasonable probability that the sentence would have been different absent the alleged error. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc); *United States v. Carter*, 560 F.3d 1107, 1117-19 (9th Cir. 2009).

Gardley also contends that the 135-month sentence is substantively unreasonable given his age, health, and criminal history. The sentence is not

substantively unreasonable in light of not only the specific facts identified by Gardley, but the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, such as the need to avoid sentencing disparities and provide deterrence, and the seriousness of the offense, including Gardley's sustained, detailed, and sophisticated criminal conduct. *See Gall v. United States*, 552 U.S. 38, 51 (2007). To the extent Gardley challenges some of the inferences the district court drew from the facts, we decline to second-guess the district court. *Id.* at 51-52 (recognizing that the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) because the judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts, and gains insights not conveyed by the record).

**AFFIRMED**.